**ORIGINAL**

In the United States Court of Federal Claims

**FILED**

**MAY 14 2018**

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * *
**OLIVER WAYNE HACKNEY,**

    **Plaintiff,**

v.

**UNITED STATES,**

    **Defendant.**

* * * * * * * * * * * * * * * * * * *

No. 18-667C
Filed: May 14, 2018

**O R D E R**

    Before the court is pro se plaintiff Oliver Wayne Hackney's May 7, 2018 complaint. Mr. Hackney's complaint begins: "I am writing concerning my Social Security Disability." Under the heading "Relief," Mr. Hackney states: "I am looking to have the courts properly apply my income Social Security benefit allocation. Once my benefits are priorly [sic] allocated, I would have additional Social Security paid to me monthly."

    The Social Security Act indicates that any challenges relating to social security benefits "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides." 42 U.S.C. § 405(g). The Social Security Act further provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). Therefore, the Social Security Act makes clear that any claim for social security benefits must be filed in federal district court. See Marcus v. United States, 909 F.2d 1470, 1471 (Fed. Cir. 1990) ("[A]s a claim for social security disability benefits, we hold that the Claims Court has no jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1988), over claims to social security benefits. . . ."); see also Treece v. United States, 96 Fed. Cl. 226, 230 (2010); Addams-More v. United States, 81 Fed. Cl. 312, 314 (2008).

    "Subject-matter may be challenged at any time by the parties or by the court *sua sponte*." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008); Fanning, Phillips, Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998); Booth v. United States, 990 F.2d 617, 620 (Fed. Cir.), reh'g denied (Fed. Cir. 1993); United States v. Newport News Shipbuilding and Dry Dock Co., 933 F.2d 996, 998 n.1 (Fed. Cir. 1991); Thompson v. United States, 88 Fed. Cl. 263, 266 (2009), aff'd, 480 F. App'x 575 (Fed. Cir. 2012); N. Star Alaska Hous. Corp. v. United States, 76 Fed.

Cl. 158, 185, appeal dismissed, 226 F. App'x 1004 (Fed. Cir. 2007). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990)); see also Entegris, Inc. v. Pall Corp., 490 F.3d 1340, 1343 (Fed. Cir. 2007); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). This court lacks jurisdiction to hear Mr. Hackney's claims. It is black letter law that only the district court may hear Mr. Hackney's challenges to his social security. Plaintiff's complaint is **DISMISSED**. The Clerk of the Court shall enter judgment consistent with this Order.[1]

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**

---

[1] The court notes that Mr. Hackney attempted to pay the requisite filing fee via money order, however, the court's name was not included and, therefore, the money order was returned Certified Mail Receipt for correction by the Clerk's Office. Regardless of the multiple defects discussed above, the case was nevertheless filed and given case number 18-667C by the Clerk's Office, including after checking a box on the Staff Attorney's review form which indicates: "FILED AS A COMPLAINT COGNIZABLE IN THIS COURT." (capitalization in original).